**NATIONAL BISCUIT CO. v. KELLOGG CO.**

No. 980.

District Court, D. Delaware.

March 1, 1938.

Hugh M. Morris, of Wilmington, Del., Drury W. Cooper and Thomas J. Byrne (of Cooper, Kerr & Dunham), and Charles A. Vilas, all of New York City, for plaintiff.

Ward & Gray, of Wilmington, Del., and Crichton Clarke, of New York City, for defendant.

NIELDS, District Judge.

Following the receipt of the mandate of the Circuit Court of Appeals for this circuit in the above cause this court decreed: "That a perpetual injunction issue out of and under the seal of this court directed to said defendant, Kellogg Company, its officers, agents, servants, employees and attorneys and those in active concert or participating with them, its successors and assigns, restraining and enjoining it and them, and each of them, from the use of the name 'SHREDDED WHEAT' as its trade name and from advertising or offering for sale its

802

product in the form and shape of plaintiff's biscuit in violation of its trade mark."

Pursuant to such decree a writ of injunction was served upon defendant on January 8, 1938.

January 20, 1938, defendant filed its petition setting forth a program with respect to the continued operation of its business and proposing to differently carton and package its whole wheat biscuit product. Plaintiff moved to dismiss this petition.

February 4, 1938, defendant filed its supplemental petition setting forth that since the hearing of the motion to dismiss, February 1, 1938, it had been necessary for defendant in filling its orders for defendant's products to enter upon its program, and defendant has been and is shipping its biscuit in the manner set forth in that program. The prayer of the supplemental petition is: "Wherefore, your petitioner repeats the prayer contained in said petition filed herein on January 20, 1938, in order that petitioner may be advised by the Court whether the program outlined in said petition and placed into operation by defendant is a violation of said injunction and if, in the Court's opinion, such program does violate said injunction in any manner that the particulars in which it violates the same may be pointed out by the Court so that defendant may have the opportunity to revise its said program to meet the views to be expressed by the Court."

In effect, the petition of defendant requests the court to advise the defendant what it can and what it cannot do. Courts are established to decide cases, not to advise parties. That is a matter for counsel. The practice invoked by defendant is contrary to the settled practice in this circuit and district. Defendant. attempts to distinguish its situation from situations controlled by the established practice. It states that it is asking advice not upon proposed conduct but upon a program that has been entered upon and is now existent. This does not alter the matter. Defendant is still asking for an advisory opinion. It is not in a position to have the court adjudicate whether its conduct is in contempt of the court's injunction. Such an adjudication should be had only at the instance of plaintiff in contempt proceedings.

Plaintiff's motion to dismiss must be granted.